UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22624-CIV-WILLIAMS/MCALILEY

SHERESE GODSCHILD, *et al.*,

    Plaintiffs,

vs.

YASSET ELMUZA, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND REPORT AND RECOMMENDATION OF DISMISSAL

Plaintiff, Sherese Godschild, filed this action individually and on behalf of her minor children, K.G. and Q.G. She proceeds *pro se*, and she filed an Application to Proceed *in Forma Pauperis* (the "Application"), which the Honorable Kathleen M. Williams referred to me. (ECF Nos. 3, 5). I have carefully considered the Application and find that she meets the financial requirements for *in forma pauperis* status. I therefore **GRANT** her request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). I have also carefully reviewed Plaintiff's Complaint, which she filed at the same time as her Application, and I find that Plaintiff cannot state a claim for relief under federal law. It is also apparent that no diversity of jurisdiction exists. I therefore recommend that the Court dismiss the Complaint with prejudice.

Section 1915(e)(2) requires the Court to dismiss an action brought *in forma pauperis* at any time if it determines that the action fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The standard that governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8 requires that to state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ...." Fed. R. Civ. P. 8(a)(1), (2) and (3). To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Plaintiff sues Defendants (i) Yasset Elmuza; (ii) Elmuza Towing, LLC; (iii) USA Towing, LLC; (iv) The 1 Auto Solution, Inc.; (v) Michael Perez and (vi) Gabriel Pena, for violation of the Fair Debt Collection Practices Act ("FDCPA" of "the Act"), 15 U.S.C. §§ 1692-1692p.[1]

---

[1] Plaintiff also sues Defendants under 18 U.S.C. § 1040 (a criminal statute that imposes penalties for fraud in connection with a major disaster or emergency benefits), 15 U.S.C. § 35 (prohibiting the recovery of damages for antitrust violations from local governments and officials), and 15 U.S.C. § 1341 (establishing programs under the Secretary of Health and Human Services for research and education on smoking). (ECF No. 1 at 3). These statutes do not provide a remedy for any of Plaintiff's claims and therefore it is clear that Plaintiff does not state a claim under any of these statutes.

The Complaint alleges that during a tropical storm on November 9, 2020, Plaintiff's vehicle became flooded in Opa-locka, Florida. Plaintiff called Jeep Roadside Assistance to tow her car to Jeep AutoNation in Pembroke Pines, Florida. Defendant Yasset Elmuza and another individual arrived to tow Plaintiff's car and they told Plaintiff they needed to tow the car to Defendant The 1 Auto Solution, Inc. ("T1AS") instead of Jeep AutoNation. Plaintiff agreed to this "under duress". They towed her car to T1AS. Once there, Defendant Michael Perez, a representative of T1AS, "forced" Plaintiff "to sign a blank estimate, and an un-notarized and un-witnessed limited power of attorney." Defendant Michael Perez told Plaintiff that if she did not sign the documents, T1AS would tow her car somewhere else. Plaintiff signed the documents. A few hours later Plaintiff emailed T1AS and stated that she revoked the limited power of attorney and intended to tow her vehicle from T1AS the following day.

On November 10, 2020, when Plaintiff arrived at T1AS, she was presented with a bill of $2,226.15 for services performed, which included a charge of $680.00 for Defendant Elmuza Towing, LLC for its towing services. Plaintiff states the towing charge was "already covered and paid to [Defendant] USA Towing LLC by Jeep Roadside Assistance" under a warranty Plaintiff had with them. Plaintiff disputed the total bill and told T1AS that she could not afford to pay it. Plaintiff's car insurer also refused to tow the vehicle from T1AS because it "accepted the un-notarized and un-witnessed limited power of attorney as a legitimate document." As a result, "Defendants" sold Plaintiff's vehicle to cover the bill. Plaintiff is unable to replace her vehicle and states Defendants' actions have severely affected her and her children's day-to-day activities. The relief Plaintiff requests

is "$50,001 or more" for Defendants' violation of Plaintiffs' civil rights under the FDCPA. *See generally* (ECF No. 1 at 1-2).[2]

The Complaint does not state a claim for relief under the FDCPA. To state such a claim, a plaintiff must allege facts, which if true, would plausibly show that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Ledwitz v. Naderpour & Assocs., PA*, 544 F. Supp. 3d 1305, 1308 (S.D. Fla. 2021) (quotations and citation omitted).

The critical flaw in the Complaint is that Plaintiff has not shown, nor is she able to, that Defendants are "debt collector[s]" within the meaning of the Act. "The FDCPA defines a 'debt collector,' in relevant part, as 'any person' (1) 'who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,' or (2) 'who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Anderman v. JP Morgan Chase Bank, Nat'l Ass'n*, 803 F. App'x 290, 292-93 (11th Cir. 2020) (quoting 15 U.S.C. § 1692a(6)).

Regarding the first definition, the Complaint is clear that Defendants do not operate a "business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6). As for the second definition, its "owed ... another" language focuses "on third party collection agents working for a debt owner—not on a debt owner seeking to collect

---

[2] Plaintiff states no facts specific to Defendant Gabriel Pena. Plaintiff only alleges that he is the "President and Registered Agent of The 1 Auto Solution, Inc." (ECF No. 1 at 1).

debts for itself." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017). In other words, "[a]ll that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for another." *Id.* (quotations omitted). Here, the Complaint does not allege facts that show that Defendants regularly collect debts for another. To the contrary, the business Defendants, and their principals, are alleged to be in the business of providing tow and auto repair services. In sum, the Complaint cannot support a claim that Defendants are debt collectors as meant by the FDCPA.

The Complaint alleges that Defendants engaged in fraud and deception, and it may be that Plaintiff has claims under Florida law that she could bring in Florida state courts. She cannot bring those state law claims in this Court however, as it is clear from the Complaint there is no diversity of citizenship between Plaintiff and Defendants. In sum, this Court has neither federal question jurisdiction nor diversity jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §§ 1331, 1332.

In sum, because Plaintiff fails to state a claim for which this Court might grant relief, I **RECOMMEND** that the Court dismiss this action. And, because it is not possible for Plaintiff to file an amended complaint that states such a claim, I recommend that the Court dismiss this action **with prejudice**. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (dismissal with prejudice is appropriate when a more carefully drafted complaint could not state a claim) (citations omitted).

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a

*de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

      RESPECTFULLY RECOMMENDED in Miami, Florida, this 9th day of November 2022.

                                      CHRIS MCALILEY
                                      UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Sherese Godschild, *pro se*